IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALIVIA BLOUNT, | ) |
| Plaintiff, | ) No. 3:23-cv-00341 |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE NEWBERN |
| TWO HANDS-NASHVILLE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Alivia Blount's pro se Amended Complaint against Two Hands – Nashville ("Two Hands"). (Doc. No. 8). The Court must conduct an initial review and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Amended Complaint in the light most favorable to plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," *id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and Plaintiff may not rely on

unwarranted factual inferences or legal conclusions couched as factual allegations. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Amended Complaint brings a retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII is a key part of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). Among other things, Title VII makes it unlawful to retaliate against employees for engaging in protected conduct – that is, opposing any practice made unlawful by Title VII, or making a charge or testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII. 28 U.S.C. § 2000e-3(a). A plaintiff must plausibly allege that: (1) she engaged in protected conduct under Title VII; (2) her employer had knowledge of the protected activity; (3) the employer thereafter took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013).

Here, Plaintiff alleges that during her employment as a server by Two Hands, an African-American friend of Plaintiff visited the restaurant and had an altercation with the bartender. (Doc. No. 9). Plaintiff was not involved and did not see what happened, but her friend "felt like the white bartender was being racist towards him." *Id*. When staff discussed the incident, Plaintiff identified the customer as her friend and said that he felt subject to discrimination. *Id*. The bartender denied being "rude or racist." *Id*. After Plaintiff worked two subsequent shifts, Two Hands terminated her without explanation. *Id*.

These allegations, taken as true, do not provide a plausible basis for a Title VII retaliation claim. Plaintiff—who had no personal knowledge of the incident—merely alleges that she stated

2

that her friend perceived discrimination. Thus, Plaintiff does not personally allege that the Two Hands bartender engaged in discrimination or other unlawful activity. Nor does Plaintiff allege that she engaged in any reasonable "opposing" conduct, such as "complaining to anyone," including Two Hands management, about any specific instances of discrimination or other unlawful activity. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 581-82 (6th Cir. 2000) (discussing the meaning of "opposing" under Title VII). In the absence of first-hand allegations regarding unlawful activity or protected conduct, Plaintiff—although aggrieved by her termination—does not state a colorable Title VII retaliation claim.

For these reasons, the Amended Complaint is **DISMISSED**. This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, the plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE